STATE OF MAINE
PENOBSCOT, SS.

FILED & ...
SUPE... ...RT

MAR 21 2007

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CV-05-305

MICHAEL HEADD,
           Plaintiff,

      v.

BRYDEN ALAN GARDNER,
           Defendant.

**DECISION AND JUDGMENT**

    A non-jury trial was held in the above matter on March 8, 2007. All parties were present and represented by counsel.

    The Plaintiff and Defendant entered into an agreement whereby the Plaintiff would haul materials for the Defendant[1] using Plaintiff's tractor and the Defendant's trailer. The parties agreed that he would be paid as an independent contractor at the rate of $45 per hour. Their contract was not reduced to writing and involved no other express terms.

    The Plaintiff kept a daily tally sheet in triplicate reflecting the hours which he spent hauling the material. The white form went to the Defendant, the pink form went to Thibodeau, and the Plaintiff retained the yellow sheet for himself. The Defendant's copies were left on a bulletin board at Thibodeau's dispatch center. The Defendant would retrieve them and issue a check – with a week delay – to the Plaintiff for the amount due. Although there were occasional disparities between the amounts sought by the Plaintiff and the amount paid, the contract proceeded successfully until the week of October 24, 2005, when the checks stopped arriving. The Plaintiff kept working through the week of November 14, 2005, under the agreement.

    Plaintiff claims to have made several attempts to contact the Defendant about the missing payments including leaving notes on the bulletin board and making calls (but not leaving messages) on the Defendant's cell phone. Defendant denies receiving any of these communications.

    The Plaintiff, who was in dire financial straits, undertook to haul materials for another contractor (Mike Thornton) and discontinued his work on the Thibodeau contract. Defendant heard of this and the parties engaged in a heated argument in late November, 2005. Plaintiff demanded all of the sums due to him (a sum in excess of

---

[1] The Defendant had a contract with Vaughn Thibodeau to haul certain excavation materials to various sites. The deliveries would be dispatched from Thibodeau's business site. The Defendant had three other trailers committed to this contract.

$8,000) and would accept nothing less. Defendant offered to pay for what he believed to be the immediate past due amounts (a sum in excess of $5,000), but not the current amounts. He demanded the return of his trailer. Neither party was prepared to budge on their demands and the conversation degenerated to a point where the two parted ways.

The trailer was later returned after law enforcement authorities were contacted. The Plaintiff had used it in the meantime to earn income for hauling for three days. The Defendant asserts that it was damaged.[2] The Plaintiff states that any damage was simply ordinary wear and tear.

The Plaintiff's Complaint seeks the sum of $7920; the Defendant's Counterclaim seeks damages for loss of income from the trailer and damage allegedly inflicted by the Plaintiff.

Judgment is granted on the Plaintiff's Complaint in the amount of $8,077.50 plus interest and costs. The Plaintiff's use of the trailer for income purposes, whether characterized as conversion or trespass to chattel justifies entry of Judgment in favor of the Defendant on his Counterclaim for the fair value of the equipment as reflected by its actual use: $230 per day for three days = $690. Judgment may be entered in favor of the Defendant on the Counterclaim in that amount plus interest and costs.[3]

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 8, 2007

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[2] He reports that the mud flaps were disengaged, the fenders were crinkled, two hydraulic boxes were missing, and one tire was apparently replaced with a mismatched tire. He asserts that repairs would cost approximately $2300, but he has not repaired anything beyond simply attempting to manually straighten them out.

[3] Prejudgment interest is awarded at 5.21% per annum and postjudgment interest is awarded at 8.21% per annum.

MICHAEL HEADD VS BRYDEN A GARDNER DBA BA GARDNER PAVING AND EXCAVATING
UTN:AOCSsr  -2005-0131087                    CASE #:BANSC-CV-2005-00305
---------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE      DATE
01 0000003913 ATTORNEY:CHASE, DAVID
ADDR:700 MOUNT HOPE AVENUE 440 EVERGREEN WOODS BANGOR ME 04401
     F FOR:BRYDEN A GARDNER DBA BA GARDNER PAVING    DEF       RTND   02/10/2006


02 0000008023 ATTORNEY:ERICKSON, MATTHEW
ADDR:28 MAIN STREET BANGOR ME 04401
     F FOR:MICHAEL HEADD                             PL        RTND   06/21/2006


03 0000008735 ATTORNEY:ADAMS, CAROLYN
ADDR:275 FRENCH STREET PO BOX 8312 BANGOR ME 04401
     F FOR:MICHAEL HEADD                             PL        RTND   12/22/2005
                                                              W/DRWN 06/21/2006


            Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.